```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                    )
JEROME TURNER,                      )
           Petitioner,              )
                                    )         CIVIL ACTION
           v.                       )         NO. 21-10802-WGY
                                    )
JOSEPH D. MACDONALD, JR.,           )
           Respondent.              )
                                    )
_____
```

YOUNG, D.J.                                              June 30, 2021

**MEMORANDUM AND ORDER**

Petitioner Jerome Turner, now in custody at the Plymouth County Correctional Facility, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The $5.00 filing fee was not paid and petitioner did not file a motion for waiver of the filing fee.

Petitioner alleges that the "time under which petition[er] is imprisoned are unlawful and void because of multiple violation[s] of petitioner's right to due process of law guaranteed by the Thirteenth Amendment to the Constitution of the United States, violation of equal protection of law guaranteed by the Thirteenth Amendment, and violation of the right to effective assistance of counsel protected by the Sixth Amendment." Petition, at ¶ 4. Petitioner states that these "are major constitutional violations which cast significant doubt on the fairness of petitioner's trial and, more

importantly, call into question the reliability of the verdict." Id. Petitioner alleges that he "has exhausted state remedies available as to the issue by [filing a grievance]." Id. at ¶ 5.

I. **Standard of Review**

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir.1991) (upholding Rule 4 summary dismissal of § 2254 petition).

A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 76 (1977) (internal citations omitted). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996) (internal citations

omitted). See also Perez v. Hemingway, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

In conducting this review, Turner's pro se petition is construed generously. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

**II. Discussion**

The instant habeas petition will be dismissed under Rule 4 because petitioner fails to identify the conviction challenged. The petition contains no information to indicate the sentence being challenged. The Court is unable to identify what conviction Petitioner might be challenging and, therefore, will dismiss the petition without prejudice.

Next, petitioner fails to satisfy his burden of demonstrating exhaustion of state court remedies. Although petitioner alleges the filing of an administrative grievance, he fails to show that he has exhausted his state court remedies. The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This requirement "giv[es] the state the

first 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Josselyn v. Dennehy, 475 F.3d 1, 2 (1st Cir. 2007) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)). Exhaustion requires a petitioner to present, or do his best to present, the substance of a federal habeas claim "fairly and recognizably" to the state's highest tribunal before seeking federal review. Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010); see also Adelson v. DiPaola, 131 F.3d 259, 262-63 (1st Cir. 1997).

### III. Conclusion

For the foregoing reasons,

1. The petition for writ of habeas corpus is DENIED without prejudice.

2. The Clerk shall enter a separate Order of Dismissal.

**SO ORDERED.**

                                      /s/ William G. Young
                                      WILLIAM G. YOUNG
                                      UNITED STATES DISTRICT JUDGE